UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE HENRY AIKEN, III,

    Plaintiff,

v.                          Case No. 8:14-cv-1921-T-33EAJ

UNITED STATES OF AMERICA, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff George Henry Aiken, III's Motion to Compel Compliance with Court Ordered Terms of Mediation Conference (Doc. # 97), filed on October 29, 2015. On October 30, 2015, Defendant Bonnie L. Bruck-Meiggs filed a Response in Opposition to the Motion. (Doc. # 99). As explained below, the Court denies the Motion.

**Discussion**

On April 9, 2015, this Court entered its Amended Case Management and Scheduling Order, which set forth the operative case deadlines, including the mediation deadline. (Doc. # 62). That Order included important directives concerning the parties' obligations to mediate in accordance with the Local Rules. Importantly, the Court instructed:

> **Attendance Requirements and Sanctions -** Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to

>settle, *shall* attend and participate in the mediation conference. *In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit.* The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.
>**Personal Attendance Required** - All counsel, parties, corporate representatives, and any other *required claims professionals shall be present at the Mediation Conference with full authority to negotiate a settlement.* The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c).[1]

(Id. at 11)(emphasis added).

On the eve of the November 2, 2015, mediation with Peter Grilli, Esq., Plaintiff filed a Motion seeking to compel "the personal attendance of a representative for Liberty Insurance Underwriters, Inc. Company, insurer for Defendant Bonnie Bruck-Meiggs." (Doc. # 97 at 3). In the Motion, Plaintiff indicates that "Bonnie Bruck-Meiggs is covered by an insurance policy issued by Liberty Insurance Underwriters, Inc. [and] that policy does not cover Option Care Enterprises." (Id. at 2).

---

[1] Local Rule 9.05(c) states: "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court."

2

Plaintiff is correct that the Court generally mandates that required claims professionals attend mediation in person. However, in response to the Motion, Defendant Bruck-Meiggs explains:

> While Ms. Meiggs, an Option Care employee, is covered by a policy of insurance through Liberty Mutual, that policy is excess only to other insurance coverage available to Defendant Meiggs. Defendant Meiggs is covered under a policy that insures her employer, Walgreens Infusion Services d/b/a Option Care Enterprises. Option Care Enterprises has a self-insured retention of Two Million Dollars, followed by a policy with a multi-million dollar limit which also covers Defendant Meiggs. Ellen Ahern, Senior Counsel for Walgreen Co., will be in attendance at mediation with full settlement authority on behalf of both Option Care and its employee, Defendant Meiggs.

(Doc. # 99 at 1-2).

Under the circumstances described above, the Court denies Plaintiff's Motion. The Court is satisfied by counsel's representation that Senior Counsel for Walgreens Co. possesses full settlement authority as to both Option Care and Bruck-Meiggs. In addition, as the parties prepare for the mediation, the Court takes this opportunity to encourage the parties to take advantage of every settlement opportunity and to mediate the case in good faith and with the goal of reaching a fair compromise of the parties' dispute.

Accordingly, it is

3

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff George Henry Aiken, III's Motion to Compel Compliance with Court Ordered Terms of Mediation Conference (Doc. # 97) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record

4